[Sac. No. 4408. In Bank.—February 13, 1931.]

BORCHERS BROS. CO. (a Corporation), Appellant, v. ANTONIO CIAPARRO et al., Respondents.

Busick & Leeper for Appellant.

A. G. Bailey for Respondents.

PRESTON, J.—Appellant corporation, as plaintiff, brought this action in the court below in equity to enjoin a threatened demolition of certain improvements which, as lessees, defendants had erected on plaintiff's real property of about fifty acres in Yolo County, California.

The substance of the complaint was that defendant lessees were threatening to abandon said property and had so notified plaintiff and were about to tear down and remove said structures. Issue was joined on this complaint, but later a supplemental complaint was filed which alleged that said improvements had already been destroyed by the defendants subsequent to the filing of the original complaint; that thereafter and on April 3, 1929, defendants abandoned the premises and plaintiff therefore prayed for damages for the value of said improvements. Defendants by answer admitted the relationship of landlord and tenant, the surrender of the premises and the tearing down and removal of the improvements as alleged, but justified their act upon the ground that under the terms of the lease itself and by mutual consent as well, the lease had been duly rescinded and that by reason of such fact, they were entitled as a matter of right to remove the structures placed on said property same being trade fixtures within the rule promulgated by section 1019 of the Civil Code and removable without injury to the freehold.

The claims of defendants in this respect were sustained by the court below in its findings and judgment in their favor, from which judgment plaintiff now prosecutes this appeal. The background of this litigation must be examined to understand the respective positions of the parties.

In April, 1927, certain of the defendants entered into a written contract with the city of Sacramento whereby they undertook to collect all the wet garbage from the hotels,

restaurants, hospitals and clubs of said city and to convey the same in sanitary steel garbage wagons, under direction of the city manager of said city, to a place without the city and further to establish a ranch at a point not nearer than ten miles to the city limits of said city, for the feeding of said garbage to hogs. For the purpose of carrying out their agreement with the city of Sacramento, said defendants leased from plaintiff corporation for the period of ten years and two months, for the sum of $30,500, at a monthly rate of $250, its said fifty-acre ranch in Yolo County and established thereon a large band of hogs of considerable value. For the period of one year or more, they fed said garbage so collected from said places in Sacramento to said swine and for the purpose of adequately carrying on said business, they constructed the improvements here in question.

However, one Ohaver, a citizen and resident near the location of said ranch, instituted in the Superior Court of Yolo County, an injunction proceeding seeking to restrain the defendants from shipping to or receiving at said ranch any of said garbage. Thereafter and on July 25, 1928, said superior court issued an order granting a writ of injunction, directing defendants to refrain, until further order of the court, from shipping to or receiving at said ranch any garbage or similar material and from feeding it to hogs thereon. This judgment has become final (*Ohaver* v. *Fenech*, 206 Cal. 118 [273 Pac. 555]).

In the present action, the court below found, among other things, that in January, 1929, defendants rescinded, canceled and terminated said lease and later, on the third day of April, 1929, surrendered possession of the premises; that defendants made many improvements and alterations thereon, consisting of new buildings, barns, electric power lines, office building, boar pens, shaving-room, sheds, pump building, electric wiring and fixtures, bone platforms, railroad track and cars, brood sow pens, pipes and plumbing fixtures, floors and partitions in the old barns, alterations to existing buildings and many other improvements and alterations, all of which were made for the purpose of carrying on the business of raising hogs on the leased premises and to advance the purpose for which the land was leased; that all of them could be removed from the premises without injury to the freehold; that all of them were trade fixtures

and further that on April 3, 1929, defendants abandoned, vacated and surrendered said premises by and with the consent of plaintiff.

Appellant relies for reversal upon two propositions: (1) That the lease itself provides that the improvements shall go to the lessor and (2) that the alterations and improvements were not trade fixtures, but were permanent fixtures to the freehold itself.

The lease between the parties was in writing and the foundation therein for appellant's claims will be found in paragraphs 11 and 17 thereof, which read as follows:

"11. It is hereby agreed that, except for changes in the interior of structures now on said premises, any alterations in, or improvements on said premises, made or constructed by said lessees during said term, or extension thereof, shall remain on said premises after the expiration of said term or extension and said lessees shall not be responsible for the removal thereof."

"17. It is further understood and agreed that the premises hereby leased are to be used by the lessees to aid in the performance of a certain contract between them and the City of Sacramento, whereby they contract to gather garbage in said City from the 1st day of July, 1927, to and including the 30th day of June, 1937. It is, therefore, agreed by the lessor that if, for any reason whatsoever, said contract between the lessees and said City of Sacramento be, or shall be, or shall become, unenforceable or void, or if said lessees shall, for a period of fifteen days, in any manner whatsoever, be prevented from gathering the garbage in said contract with the City of Sacramento, referred to, or any portion thereof, or if without any fault upon the part of the lessees, said lessees are prevented by law, or pursuant to law, from using said premises for the purpose of raising hogs thereon, then, at the option of said lessees, this lease shall be deemed canceled and of no further force or effect, and all liability of the lessees hereunder shall cease."

■ In our judgment the above two questions may be easily disposed of. In the first place it seems too clear for argument that the parties had in mind when contracting the existence of the agreement between the city of Sacramento and the defendants and further that the reasonable interpretation of paragraph 17, in connection with other provi-

sions of the lease, is that if for any reason the lessees are prevented by law from "using said premises for the purpose of raising hogs thereon" *in the manner contemplated,* which is by the use of said garbage for food for said hogs, the lessees shall have the right to terminate the lease and their liability thereunder shall cease. A reading of the entire paragraph 17 compels this conclusion. For example, note that if the lessees were prevented from gathering the garbage for fifteen days under said contract, this would work a rescission of the lease, and note the statement that the lease is made in aid of the execution of the contract. These things speak loudly compelling the interpretation that the lease contemplated the use of the garbage in raising hogs on said ranch and failure, without fault on the part of the lessees, to secure said garbage for that purpose, was sufficient to confer the right of rescission upon them at their option. We, therefore, hold that when the defendants notified the plaintiff of their intention to rescind the lease, the necessary result of such action was a rescission and cancellation thereof. This brought into operation the provision, "all liability of the lessees hereunder shall cease".

As for section 11, it is true that it provides that "except for certain changes . . . any alterations in, or improvements on said premises, made or constructed by said lessees during said term, or extension thereof shall remain on said premises after the expiration of said term or extension . . . ". But clearly this provision speaks as of the lawful expiration of the ten-year period or any extension thereof and it does not speak of the situation which shall obtain in the event of rescission by a failure of consideration or by operation of law of the lease prior to the expiration of the term thereof. Consequently, we hold that this provision is inapplicable to the parties in their present situation. (See *Pringle* v. *Wilson,* 156 Cal. 313 [24 L. R. A. (N. S.) 1090, 104 Pac. 316].)

The case then reaches this state: Were the improvements so removed by the defendants trade fixtures within the meaning of the law and removable without injury to the freehold? This is largely a question of fact. The court has found affirmatively upon it and we see no reason which would permit the disturbing of its finding.

It therefore follows that the judgment of the court below must be and it is hereby affirmed.

Curtis, J., Langdon, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.