# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Bainbridge Holdings, L.L.C.

v.

Bay Bridge Enterprises, L.L.C.,
and Adani Virginia, Inc.

November 14, 2012

Case No. (Civil) CL11-3061

By Judge Marjorie A. T. Arrington

This matter was before the Court on September 26, 2012, to hear Defendants' Demurrer. After hearing counsels' arguments, the Court took this matter under advisement. The Court considered Defendants' Demurrer and brief in support thereof, the arguments presented by counsel, and the applicable law. The Court stands ready to rule. Defendants' Demurrer is sustained in part and overruled in part.

## I. *Procedural History*

In July 2009, Plaintiff filed a Complaint against Defendants for attachment, breach of contract, and conversion. In an Opinion dated June 8, 2011, the Court dismissed Plaintiff's conversion claim. In an Order dated June 15, 2011, the Court dismissed Plaintiff's breach of contract claim without prejudice at Plaintiff's request for nonsuit. Plaintiff now files a Complaint alleging breach of contract and trespass. Defendants demur.

## II. *Factual Background*

This case arises from a lease dispute for industrial property. The industrial property is located at 5428 Bainbridge Boulevard, Chesapeake, Virginia ("Property"). The lease was between Bainbridge Holdings, L.L.C. ("Plaintiff") and Bay Bridge Enterprises, L.L.C., and Adani Virginia, Inc. (collectively "Defendants"). On July 31, 2007, Defendants leased the

Property from Plaintiff to sort, sell, ship, and warehouse commodities legally permitted by state and federal law. The term of the lease expired on July 31, 2009. (Def. Ex. A, ¶ 3.)

Before the lease was executed, Plaintiff installed a rail spur. Plaintiff also installed video camera security equipment. It is unclear when the video camera security equipment was installed.

During the lease, Plaintiff consented to Defendants' request to relocate a portion of the rail spur on the Property. Plaintiff also consented to Defendants' request to erect a concrete platform and heavy truck scale attached to the property. Defendants then erected the concrete platform and truck scale. Later, Defendants removed the truck scale, rail spur, and security cameras. Defendants also destroyed the concrete platform. Additionally, Defendants removed or destroyed Plaintiff's personal property, including welding machines, burning torches, floats, ramps, and other equipment.

Plaintiff alleges that the cost to replace the rail spur exceeds $250,000, the cost to replace the concrete platform exceeds $25,000, the cost to replace the truck scale exceeds $50,000 and the cost to replace the security cameras exceeds $20,000. Additionally, Plaintiff claims Defendants contaminated the Property with hazardous materials and waste through wire- stripping operations and Defendants' other conduct resulting in a diminution of the Property's value and remediation costs.

After the expiration of the lease, Defendants hired Cranemasters, Inc., to enter the Property and remove cross-ties, spikes, wheel stops, and other property belonging to Plaintiff. Plaintiff alleges Defendants trespass constitutes actual malice or such recklessness or negligence as to evince a conscious disregard for Plaintiff's rights, which warrants an award of punitive damages.

Plaintiff alleges that it can no longer lease the Property to a new tenant because of Defendants' conduct and that Defendants' conduct constitutes a breach of contract and trespass. Plaintiff seeks $1 million in damages for breach of contract and trespass and an award of $350,000 in punitive damages. Defendants filed a Demurrer to Plaintiff's Complaint.

### III. *Standard of Review*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 268 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Rules of the Supreme Court of Virginia states: "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense. A trial court is "not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [Complaint], but only may determine whether the factual allegations of the [Complaint] are sufficient to state a cause of action." *Harris*, 271 Va. at 195-96, 624 S.E.2d 24 (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)); *accord Almy v. Grisham*, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007) ("[A] demurrer presents an issue of law, not an issue of fact.").

Virginia Code § 8.01-273 states, in part: "All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court."

## IV. *Analysis*

Plaintiff's Complaint alleges causes of action for breach of contract and trespass to property. Included in Plaintiff's trespass to property claim is a claim for punitive damages.

### A. *Breach of Contract*

Plaintiff's Complaint alleges five ways that Defendants breached the lease agreement. The five ways Plaintiff claims Defendants breached the lease agreement are removal/destruction of permanent fixtures, removal/destruction of Plaintiff's personal property, wire-stripping, failing to indemnify Plaintiff, and failing to surrender the Property in as good condition as when Defendants came into possession of the Property. Each of these five breaches will be addressed individually.

#### 1. *Removal/Destruction of Permanent Fixtures*

Plaintiff alleges Defendants breached the lease by removing or destroying permanent fixtures on the property. The list of permanent fixtures includes the following: rail spur, concrete platform, truck scale, and video camera security equipment.

Defendants' Demurrer with regard to the concrete platform and truck scale is sustained. Defendants argue that Plaintiff failed to state a cause of action for breach of contract because Defendants were entitled to remove

the concrete platform and truck scale as they are trade fixtures. In relevant part, Section 8 of the lease states:

> [Plaintiff] agrees that all trade fixtures heretofore or hereafter erected or installed upon said premises by [Defendants] . . . shall remain the property of [Defendants] and shall be removed by [Defendants] upon the termination of this Lease for any reason. [Defendants] shall repair all damages caused by such removal.

(Def. Ex. A, ¶ 8.) Additionally, Section 3 of the lease states Defendants may erect "such building or buildings, driveways, curbing, and other improvements as is deemed requisite for the proper use of said premises for the aforesaid business." (Def. Ex. A, ¶ 8.)

Generally, a trade fixture is an article of personal property brought to the leasehold by a tenant that is necessary to conduct a trade or business. *See* William M. Howard, *What Constitutes Trade Fixture – Modern Cases*, 107 A.L.R. 5th 311. The concrete platform and truck scale qualify as trade fixtures because they appear to be necessary to conduct the industrial business of sorting, selling, shipping, and warehousing commodities to which the Property is devoted. Defendants installed the concrete platform and truck scale. As a result, Defendants are correct that they were entitled to install and subsequently remove the concrete platform and truck scale. Because Defendants were entitled to remove the concrete platform and truck scale under the lease, Plaintiff did not allege sufficient facts in its Complaint to state a cause of action for breach of contract relating to the removal of the concrete platform and the truck scale. Therefore, the Court sustains Defendants' Demurrer with respect to the concrete platform and the truck scale.

The Court overrules Defendants' Demurrer with respect to the rail spur. Plaintiff alleges Defendants breached the lease by removing the rail spur. Defendants aver that Plaintiff has not stated a cause of action because rail spurs are trade fixtures and are, therefore, owned by Defendants. Defendants rely on *Wiggins Ferry Co. v. Ohio & Mississippi Ry.*, 142 U.S. 396 (1892), and *Talley, etc. v. Drumheller, etc.* 143 Va. 439, 130 S.E. 385 (1925), for the proposition that rail spurs "[are] in the nature of a trade fixture," and, therefore, removable by a tenant at the end of the lease. The cases to which Defendants cite and the facts of this case are distinguishable. In *Wiggins Ferry*, the lessee laid rails on the leased property, and the rails were removed before the property was surrendered back to the lessor. The Supreme Court of the United States held that the lessor was not entitled to recover the value of the removed rails. *Wiggins Ferry Co.*, 142 U.S. at 415.

Unlike in *Wiggins Ferry*, according to the Complaint, Plaintiff, the lessor, not Defendants, the lessees, installed the rail spur before Plaintiff executed the lease with Defendants. (Compl. ¶ 4.) Although Defendants relocated the

rail spur, based on the Complaint, it does not appear that Defendants owned or installed the rail spur. As a result, Defendants would not be entitled to remove or destroy the rail spur. Section 8 of the lease states, "[Defendants] shall take good care of the Premises, and shall not suffer or permit any waste or injury thereto." Additionally, Section 8 states, "[Defendants] shall surrender the Premises in as good condition as [Defendants] obtained same on the Commencement date...". Removing the rail spur could constitute waste or injury and prevent the Property from being surrendered in as good condition as when Defendants obtained the Property in violation of the lease. As a result, Plaintiff's Complaint alleged sufficient facts for a breach of contract claim for the removal of the rail spur. The facts and reasoning from *Talley* are similar. Therefore, Defendants' Demurrer is overruled with respect to the rail spur.

The Court overrules Defendants' Demurrer with respect to the video camera security system. Plaintiff alleges Defendants breached the lease by removing the video camera security system. Defendants aver that Plaintiff has not stated a cause of action because upgrades to security systems made by a lessee for use in its business are trade fixtures, which the lessee is entitled to remove under Section 8 of the lease. Defendants rely on persuasive authority from the Bankruptcy Court of the Southern District of Texas and the Supreme Court of California for the proposition that electrical equipment and improvements to electrical equipment installed by the lessee are trade fixtures removable at the end of the lease by the lessee. In *Demay Int'l*, because lessee installed electrical equipment necessary to carry on its trade at the leased property, the Bankruptcy Court of the Southern District of Texas found that the electrical equipment was the property of the lessee. *In re Demay Int'l, L.L.C.*, 431 B.R. 164, 173-74 (Bankr. S.D. Tex. 2010). Similarly, in *Borchers Bros.*, the lessee installed improvements on the leased property including electric power lines and electric wiring and fixtures. The California Supreme Court affirmed that these improvements were trade fixtures as they were made for the purpose of carrying out the lessee's business. *Borchers Bros. Co. v. Ciaparro*, 211 Cal. 507, 509-10, 295 P. 1035, 1036-37 (1931).

These cases can be distinguished from the facts at hand. Unlike in *Demay Int'l* and *Borchers Bros.*, according to the Complaint, Plaintiff, the lessor, not Defendants, the lessees, installed the video camera security equipment. (Compl. ¶ 10.) Based on the Complaint, it does not appear Defendants owned or installed the video camera security equipment. As a result, Defendants would not be entitled to remove or destroy the video camera security equipment. Section 8 of the lease states, "[Defendants] shall take good care of the Premises, and shall not suffer or permit any waste or injury thereto." Additionally, Section 8 states, "[Defendants shall surrender the Premises in as good condition as [Defendants] obtained same on the Commencement date. . . ." Removing the video camera security

equipment could constitute waste or injury and prevent the Property from being surrendered in as good condition as when Defendants obtained the Property in violation of the lease. As a result, Plaintiff's Complaint alleged sufficient facts for a breach of contract claim for the removal of the video camera security equipment.

Additionally, Defendants argue that they are entitled to remove the video camera security equipment because they made upgrades to the equipment. Plaintiff's complaint does not allege that Defendant made any upgrades. Whether Defendants made upgrades to the video camera security equipment is a factual inquiry not appropriate for determination on demurrer. Therefore, Defendants' Demurrer is overruled with respect to the video camera security equipment.

### 2. Removal/Destruction of Plaintiff's Personal Property

The Court overrules Defendants' Demurrer with respect to Plaintiff's Personal Property. Plaintiff alleges Defendants breached the lease by removing or destroying Plaintiff's personal property. Defendant avers that Plaintiff abandoned its personal property so a breach of contract claim for Defendants' removal of the property cannot exist. This list of Plaintiff's personal property includes, but is not limited to the following: PC and DVR control set (part of video security equipment); two Miller arc/air welding machines; several hundred feet of leads; burning torches; Milwaukee drill press; air compressors; welding machines; traffic control devices; four JOBOX on-site storage units; floats and ramps; and assorted equipment.

Defendants argue that Plaintiff abandoned its personal property because Plaintiff specifically stated in Section 23(h) of the lease that the portable bridge and pilings could not be removed or disposed of by the Defendants without specifying other items of personal property that Defendants could not dispose of or remove. *Talley* provides that abandonment of personal property occurs when:

> the owner thereof voluntarily relinquishes possession thereof with the intention of terminating his ownership and with no intention of vesting title in another. When such property has been so abandoned, the first person who takes possession thereof . . . acquires title thereto.

*Talley etc. v. Drumheller etc.*, 143 Va. 439, 449, 130 S.E. 385, 388 (1925). Plaintiff's Complaint sufficiently alleges a breach of contract claim for the removal or destruction of Plaintiff's personal property. The Complaint alleges that Defendants removed or destroyed Plaintiff's personal property in violation of Section 8 of the lease which states, "[Defendants] shall take good care of the Premises and shall not suffer or permit any waste or injury thereto." Additionally, Section 8 states, "[Defendants shall surrender

the Premises in as good condition as [Defendants] obtained same on the Commencement date. . . ." Defendants' theory that Plaintiff abandoned the property is a defense that can be raised at trial. Failing to list all personal property that cannot be removed or destroyed does not constitute *per se* abandonment to warrant a demurrer. Rather it seems that the issue of abandonment would turn on the facts presented at trial. Therefore, Defendants' Demurrer is overruled with respect to Plaintiff's personal property.

### 3. *Wire-Stripping*

The Court overrules Defendants' Demurrer with respect to wire-stripping. Plaintiff alleges Defendants breached the lease by contaminating the Property with hazardous materials through wire-stripping without Plaintiff's prior consent in violation of Section 3 and Section 15 of the lease. Section 3 of the lease states the Defendants may use the Property for "sorting, selling, shipping, and [the] warehousing of commodities legally permitted by state and federal law and for no other purposes without [Plaintiff's] prior written consent." Section 15 of the lease states that Defendants shall not utilize, handle, store, etc. hazardous materials except those products customarily found in offices and households.

Defendants argue that wire-stripping is part of sorting, selling, shipping, and warehousing commodities and, therefore, Plaintiff failed to allege a breach of contract. Taking the facts in Plaintiff's Complaint as true that wire-stripping is not part of sorting, selling, shipping, and warehousing commodities, Plaintiff has sufficiently alleged a breach of Section 3 of the lease. Whether or not wire-stripping is part of the permitted activities outlined in Section 3 of the lease is a factual issue to be determined at trial.

Defendants also aver that wire-stripping constitutes "handling" hazardous material, which is not prohibited by Section 15 of the lease. Section 15 of the lease specifically states that, "[Defendants] . . . shall not *handle* . . . hazardous materials." (emphasis added). As such Plaintiff has sufficiently alleged a breach of Section 15 of the lease. Therefore, Defendants' Demurrer is overruled with respect to wire-stripping.

### 4. *Indemnity*

The Court overrules Defendants' Demurrer with respect to indemnity. Plaintiff alleges Defendants breached the lease by failing to indemnify and save harmless Plaintiff from damage, loss, and expense arising from injury to its Property in violation of Section 16 of the lease. Section 16 of the lease states:

> [Defendant] will indemnify and save harmless [Plaintiff] from any and all liability, damage, loss, expense, cause of action, suits, claims, or judgments arising from injury to person

or property including without limitation, environmental liabilities on the Leased Premises.

Defendant avers that Plaintiff has not alleged sufficient facts to show that Section 16 of the lease applies because Plaintiff only alleges some unidentified injury to the Property. Defendants are incorrect. Plaintiff's Complaint alleges that the cost to replace the rail spur exceeds $250,000, the cost to replace the concrete platform exceeds $25,000, the cost to replace the truck scale exceeds $50,000, and the cost to replace the security cameras exceeds $20,000. Plaintiff also alleges that specific items of personal property have either been removed or damaged. Plaintiff's Complaint sufficiently alleged an injury to property. As such, Defendants' Demurrer is overruled with respect to indemnity.

### 5. *Return of Premises*

The Court overrules Defendants' Demurrer with respect to the return of the premises. Plaintiff alleges Defendants breached the lease by failing to surrender the Property in as good condition as Defendants obtained the Property when the lease began, in violation of Section 8 of the lease. Plaintiff alleges Defendants failed to remove pilings and debris among other breaches. Defendants aver that the Complaint does not state a cause of action because it does not allege sufficient facts to apprise Defendants of the true nature of Plaintiff's claim. Defendants also claim they were not permitted to remove pilings from the Property according to Section 23(h) of the lease.

Plaintiff's Complaint sufficiently puts Defendants on notice of its claims. Plaintiff lists specific items of personal property and fixtures Defendants allegedly removed or destroyed. Defendants are on notice of which items of personal property and fixtures that Plaintiff claims Defendants destroyed or removed in violation of the lease. Additionally, although Section 23(h) of the lease does forbid Defendants from removing pilings, Defendants could reasonably infer that they could not remove Plaintiff's pilings that were present at the commencement of the lease, but they should remove their own pilings and debris resulting from Defendants' own activities. As such, Plaintiff's Complaint sufficiently alleges facts to support a cause of action for breach of contract. Therefore, Defendants' Demurrer is overruled with respect to the return of the premises.

### B. *Trespass*

The Court overrules Defendants' Demurrer as to Trespass. Plaintiff's Complaint alleges Defendants committed a trespass upon the Property when Defendants entered the premises after the expiration of the lease. Defendants make four arguments alleging Plaintiff failed to state a cause of action for trespass.

First, Defendants aver that, when an alleged tortious act is related to a duty or an obligation specifically required by contract, the alleged tortious act does not give rise to a cause of action in tort. *See Dunn Constr. Co. v. Cloney*, 278 Va. 260, 267-68, 682 S.E.2d 943, 947 (2009). Defendants argue that Plaintiff does not allege a tort claim separate from the breach of contract claim. A trespass is an unauthorized entry onto property which results in interference with the property owner's possessory interest therein. *Cooper v. Horn*, 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994).

Plaintiff's Complaint sufficiently alleges facts that distinguish the trespass claim from the breach of contract claim. The trespass claim does not rise solely from the lease duty to return the Property in the same condition it was provided. Entering the property without authorization is the act that gives rise to the tort action of trespass. This act is not provided for in the lease and is an act separate from the breach of contract claims. Additionally, although the lease provides for a hold over tenant, Plaintiff does not allege that Defendants held over beyond the expiration of the lease. Rather, Plaintiff alleges Defendants or their agents unlawfully entered the Property after the expiration of the lease. As such, Plaintiff's Complaint sufficiently alleges facts that give rise to a separate tort claim for trespass

Second, Defendants argue that Plaintiff's trespass claim is barred by res judicata and/or collateral estoppel. Defendants argue that conversion and trespass to chattels are the same cause of action and, therefore, Plaintiff's trespass claim is barred. However, Plaintiff does not allege trespass to chattels, but is rather alleging, "Defendants committed a trespass *upon the Property* of Bainbridge Holdings, L.L.C." (emphasis added) (Compl. ¶ 31.) Trespass to property is a separate cause of action. As such, neither res judicata nor collateral estoppel applies.

Third, Defendants argue Plaintiff's claim for trespass fails because there are no allegations that Cranemasters was the agent of Defendants. On demurrer, the facts of the complaint are deemed admitted, facts may also be reasonably and fairly implied and inferred from a complaint's allegations. *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006). Plaintiff alleges that Defendants hired Cranemasters to enter the Property and directed Cranemasters to load cross-ties, spikes, and wheel stops onto a tractor-trailer truck and remove the material. (Compl. ¶ 28.) Defendants hired Cranemasters and instructed it to do a specific job in a specific way. For purposes of a demurrer, it can be reasonably inferred that Cranemasters was an agent of Defendants.

Finally, Defendants argue that Plaintiff has not alleged sufficient facts to state a cause of action for trespass to land. To maintain an action for trespass to land, "plaintiff must prove an invasion that interfered with the right of exclusive possession of the land and that was a direct result of some act committed by the defendant." *Cooper v. Horn*, 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994). The physical entry onto a plaintiff's land

need not be extreme; "[a]ny physical entry upon the surface of the land constitutes such an invasion, whether the entry is 'a walking upon it . . . or otherwise'." *Id.* (internal citations omitted). In this case, Plaintiff alleges that Defendants, through Cranemasters, entered the Property, presumably by walking and driving, without authorization or invitation. As a result, Plaintiff alleged sufficient facts to show Defendants interfered with Plaintiff's exclusive possession of the land.

Defendants' arguments do not show that Plaintiff failed to allege sufficient facts to maintain a claim for trespass. As such, Defendants' Demurrer is overruled with respect to Plaintiff's trespass claim.

## C. *Punitive Damages*

Plaintiff makes a claim for $350,000 in punitive damages as a result of Defendants' trespass. Defendants argue Plaintiff has not alleged actual malice and, therefore, has not alleged a necessary element for punitive damages. The purpose of punitive damages "is not so much to compensate the plaintiff but to punish the wrongdoer and to warn others," and such damages "may be recovered only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Banks v. Mario Indus.*, 274 Va. 438, 460, 650 S.E.2d 687, 699 (2007) (quoting *Hamilton Dev. Co. v. Broad Rock Club*, 248 Va. 40, 45, 445 S.E.2d 140, 143 (1994)). Defendants are correct that Plaintiff has not alleged actual malice, "a sinister or corrupt motive such as hatred, personal spite, ill desire to injure the plaintiff." Va. Model Jury Instruction No. 9.090. However, Plaintiff has alleged sufficient facts to show willful and wanton disregard of Plaintiff's rights. The lease attached to Plaintiff's Complaint provides the dates when the lease would expire, so Defendants were on notice that the lease was expired. Further Plaintiff alleges that Defendants purposefully entered the Plaintiff's Property and removed personal property without lawful authority or express or implied invitation. As such, Plaintiff has alleged sufficient facts to show Defendants consciously disregarded the rights of Plaintiff. Therefore, Defendants' Demurrer is overruled with respect to Plaintiff's claim for punitive damages.

Defendants' Demurrer is sustained in part and overruled in part.